<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
                                       )
EDGAR VELEZ,                           )
                                       )
            Petitioner,                )      Civil Action No. 01-3311
                                       )
v.                                     )
                                       )            <u>OPINION</u>
UNITED STATES OF AMERICA,              )
                                       )
            Respondent.                )
_____)

<u>KATHARINE S. HAYDEN, U.S.D.J.</u>

       Before the Court is the amended petition of Edgar Velez
(hereafter "Petitioner") seeking relief under 28 U.S.C. § 2255.

I.  <u>BACKGROUND</u>[1]

       On August 10, 1999, Petitioner was formally indicted on two
counts related to drug trafficking – conspiracy to distribute and
the substantive offense of possessing with intent to distribute
in excess of five kilograms of cocaine.  He pleaded not guilty to
both on August 17, 1999, using the services of an official court
interpreter.

       On September 29, 1999, the district judge to whom the matter
was assigned, Hon. Nicholas Politan, ordered a 60-day continuance

_____

       [1] Procedural history is derived from Government's Answer to
Edgar Velez's Petition to Vacate, Set Aside, or Correct His
Sentence Under 28 U.S.C. § 2255.

to facilitate plea negotiations. Private counsel for Petitioner was officially substituted for the public defender on November 30, 1999.  After counsel for both sides entered into consensual 60-day continuances for purposes of ongoing plea negotiations, Petitioner formally pleaded guilty on June 8, 2000 to conspiracy to deliver over five kilograms of cocaine.  On September 19, 2000, Judge Politan sentenced Petitioner to a 90 month prison term after granting downward adjustments to the sentencing guidelines for acceptance of responsibility and for minimal planning. At the plea and sentencing hearings, Petitioner had the assistance of an official court interpreter.

Petitioner did not file a direct appeal. On July 12, 2001, he filed a timely petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on two separate grounds of ineffective assistance of counsel: failure of counsel to file an appeal when requested, and failure of counsel to provide interpreter services and translations of court documents and proceedings. Petitioner subsequently amended his petition on September 24, 2001, to include a claim for a sentencing miscalculation based on "unforeseen collateral consequences" of his status as a resident alien.

On January 11, 2002, the matter was reassigned to this Court, which conducted an evidentiary hearing and rejected Petitioner's claim that his attorney had provided ineffective assistance based on a failure to file a notice of direct appeal.

The Court entered an Order denying the within petition as to that claim only.  The United States filed an Answer to the amended petition on the remaining claims, and they are now before the Court for resolution. _____

## II. <u>ANALYSIS</u>

_____Petitioner brings an ineffective assistance of counsel claim for the alleged failure of his attorney to provide Spanish-language interpretations of Court proceedings and translations of court documents, claiming that as a result his guilty plea was not "knowing, informed, and voluntary."  Petition at 3; see Brady v. United States, 397 U.S. 742 (1970)(criminal defendant must have notice of true charges against him for his guilty plea to be "voluntary" and "intelligent" and therefore valid).

Petitioner also argues that the Court erred in failing to grant an additional downward departure during sentencing based on "unforeseen collateral consequences."  Both of these claims are without merit.

As to the first claim, Petitioner presents himself as a monolingual Spanish-speaker. Petition at 3.  He alleges that his counsel did not provide him with translations of court proceedings or translations of the indictment, the written plea agreement, the presentence investigation report, the "judgment in a criminal case," the transcript of change of plea, the transcript of the sentencing hearing exhibit, the application for permission to enter plea of guilty, and the "notice of motion."

The record effectively demonstrates that petitioner was provided with an interpreter during his attorney J. Jeffrey Weisenfeld's visits to the prison, during plea allocution, and during sentencing. Gov't. Ex. 7, 8, and 9: Weisenfeld Letters to Union County Jail; Gov't. Ex. 15: Velez Sentencing Transcript at 2:1; Gov't. Ex. 14: Velez Plea Allocution Transcript at 2:19. Nonetheless, he claims he did not have access to certain documents, due to the language barrier, as follows:

Translations of the Indictment

Petitioner attended all court proceedings accompanied by a sworn interpreter and received a translated copy of his plea agreement. At his plea colloquy he was asked if he had received a copy of the Indictment and discussed it with his attorney.  His claim that he was not provided with a translated copy – and that this was prejudicial to him - is frivolous and unsubstantiated.

Written Plea Agreement

The Government has submitted a copy of the plea agreement, Gov't. Ex. 3, and its Spanish translation, Gov't. Ex. 6, as well as an invoice from the translation service documenting the translation, Gov't. Ex. 4.  This reveals Petitioner's contentions to be false.

Written Plea Agreement "in Spanish but not explained"

During Petitioner's plea hearing, at which an interpreter was present, Petitioner signed the plea agreement and affirmed that he entered it knowingly and voluntarily. Gov't. Ex. 14: Plea Allocution Transcript at 6:9-11.  Petitioner thus had ample time and opportunity to object or to express his difficulty comprehending the Spanish-language plea agreement.

Presence Investigation Report (PSR)

During Petitioner's sentencing hearing, the following exchange took place:

> THE COURT: Fine. Have you gone over the Presentence Report with Mr. Velez.
> MR. WEISENFELD: Yes, your Honor, with the interpreter. It was interpreted verbatim and he was sent a copy of the revised report, which essentially adopted two out of the three motion positions we took.

Gov't. Ex. 15: Velez Sentencing Transcript at 5:6-11.  Petitioner was present at this exchange and it was interpreted simultaneously to him in his native language. At no point in the hearing did Petitioner indicate dissatisfaction with the contents of the PSR or indicate that he could not understand it.

"Judgment in a Criminal Case"

The Court assumes that Petitioner is referring to the Final Judgment of Conviction, which was entered after the sentencing hearing.  Petitioner does not specify how he was prejudiced by

any failure to provide him with a copy of this document.

Transcript of Change of Plea

As part of the plea hearing, Petitioner is deemed to have retracted his not guilty plea and changed it a plea of guilty. There was no transcript ordered of the plea hearing because Petitioner did not appeal.  The Court determined after taking testimony that Petitioner did not instruct his attorney to file a notice of appeal. Therefore, Petitioner cannot find any support for a claim of ineffective assistance because he was not provided, post-plea, with a transcript of the plea hearing.

Transcript of the Sentencing Hearing

Similarly, there was no occasion to prepare a transcript of the sentencing hearing in the absence of a direct appeal.

Application for Permission to Enter Plea of Guilty

As part of a voluntary and knowing plea, Petitioner and his attorney filled out the Rule 11 form referenced by this document. Petitioner's plea hearing reflects that the trial judge referred specifically to the Rule 11 form, asking Petitioner's attorney if it had been filled out.

> THE COURT: Mr. Velez, look at that.  Did you sign that and are all the statements true?
> MR. WEISENFELD: Your Honor, he didn't.
> THE COURT: Sign it.

    <u>MR. WEISENFELD</u>: It has been signed in open court.
    * * * *
    <u>THE COURT</u>: Are all the statements contained therein true?
    <u>DEFENDANT</u>: Yes.
    <u>THE COURT</u>: Have you filled out the Rule 11 form?
    <u>DEFENDANT</u>: Yes.
T(June 8, 2000) 4-16 to 22; 5-8 to 12.[2]


<u>Notice of Motion</u>

Petitioner does not explain what this document refers to.  In light of the reasoning below, the Court will not speculate.


    The nature of the documents referred to above strongly indicates that in making his claim of ineffective assistance, Petitioner has done nothing more than compile a laundry list of documents generated and docketed in the course of his criminal proceedings, and then indiscriminately lists them as a basis for attacking his attorney's representation.

    To begin with, Petitioner does not demonstrate that his guilty plea was not knowing and voluntary by asserting that the documents in his laundry list were not translated /prepared /presented to him.  By way of one quick example, whether or not he received a transcript of the plea hearing and the sentencing proceedings does not in any way relate to whether what went on at those hearings was knowing and voluntary.  The same applies to

---

    [2] The record reflects that Petitioner was provided with the services of an official interpreter throughout these proceedings.

-7-

the Rule 11 form – it is immaterial whether Petitioner was given
a copy of it by his attorney after it was filled out; the record
is clear that Petitioner knew what it was and had worked with his
lawyer in filling it out, which is the relevant information for
determining whether he pleaded on a knowing and voluntary basis.

Second, complaining about the alleged lack of all of these
documents (which in one critical example – the translation of the
plea agreement  – is demonstrably false) does not meet the
standard that governs an ineffective assistance of counsel claim.

To present such a claim, Petitioner must first show that
counsel's conduct was "objectively unreasonable"; that is, the
attorney's inappropriate behavior so undermined the "proper
functioning of the adversarial process" as to render the trial
result unreliable.  Strickland v. Washington, 466 U.S. 668, 692
(1984).

Second, Petitioner must show that counsel's "deficient
performance was prejudicial." Solis v. United States, 252 F.3d
289, 293 (3d Cir. 2001) (citing Strickland, 466 U.S. 668). A
petitioner having entered a guilty plea may demonstrate prejudice
by convincing the Court that but for the errors of his counsel,
he would have exercised his right to go to trial before a jury.
Hill v. Lockhart, 474 U.S. 52, 58 (1985).

Contrary to Petitioner's list of grievances against his
counsel, the Government has attached translations of documents

and transcripts containing references to the presence of an interpreter.  In addition, the Government has provided copies of Weisenfeld's check stubs and returned checks as proof of payment for the extensive translation and interpretation services Petitioner received. Gov't. Ex. 10, 11, 13: Weisenfeld's Returned Checks for Translating Services; Gov't. Ex. 12: Weisenfeld's Check Stubs Indicating Payment to Translation.  The record more than adequately shows that Petitioner's attorney arranged for him to receive language services consistently.  Petitioner's claim is without merit factually, and does not meet the <u>Strickland</u> test.

<u>Request for Modification of Sentence</u>

Petitioner contends that the Court erred in failing to include an additional downward departure in his sentence. Petitioner claims that his resident alien status will lead to "unforeseen collateral consequences in him being punished as an alien, which would subject him to harsher conditions that otherwise identical citizen [sic] who has allegedly of have been [sic] committing similar crime [sic]."  Petitioner further explains these "unforeseen collateral consequences" by stating that "due to 'detainers' as INS Deportee, his Security level is likely to be highest tham [sic] those of U.S. citizens."

Petitioner provides no factual support for his assertion of a link between his status as a resident alien and his security

classification as a convicted felon, nor has he asserted any
facts about the likely conditions of detention in the future.
His claim is entirely speculative, lacks any factual support, and
requires dismissal.

### Conclusion

The Court has thoroughly reviewed Petitioner's claims and
found them to be lacking in merit and in some respects, lacking
veracity.  The petition is denied.  Because the Court finds
petitioner has not made a substantial showing of the denial of
constitutional rights, pursuant to 28 U.S.C. § 2253(c), a
certificate of appealability will not be issue.


Date: July 29, 2005                    s/Katharine S. Hayden
                                       Katharine S. Hayden, U.S.D.J.